IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Criminal Action No. 5:09CR39
                                           (STAMP)
AMIYA K. MANDAL,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING MAGISTRATE JUDGE SEIBERT'S DETENTION ORDER
## AND DENYING DEFENDANT'S MOTION TO AMEND CONDITIONS

### I. Background

The defendant, Amiya K. Mandal, through counsel, filed a motion in the above-styled criminal action to review the detention order of United States Magistrate Judge James E. Seibert and to amend conditions. The defendant pleaded guilty to interstate travel to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). After the defendant pleaded guilty, this Court allowed the defendant to continue on a personal recognizance bond, which contained certain conditions of release. As a condition of release, the defendant was told that he could access the internet only for work or matters related to his spouse's medical treatment.

Thereafter, on April 27, 2010, Dennis Martin, United States Probation Officer in the Western District of Pennsylvania, examined the defendant's work computer. Probation Officer Martin found that the following websites had been accessed on the defendant's computer: facebook.com, tinychat.com, and match.com. The defendant

initially denied visiting these websites. United States Probation Officer Daniel E. Fugate of the Northern District of West Virginia then issued a petition for revocation of bond. On June 4, 2010, Magistrate Judge Seibert held a hearing on the petition. On June 7, 2010, Magistrate Judge Seibert issued an order revoking the defendant's pretrial release and remanding the defendant to the custody of the United States Marshals Service. The magistrate judge concluded that while the defendant's spouse may have visited facebook.com from her husband's account, there is no plausible explanation that anyone other than the defendant accessed match.com and tinychat.com and created the three images of the defendant to post on those websites. The magistrate judge expressed his grave concern about the access to tinychat.com, which is a website for anonymous posting of photographs and audio and video depictions.

For the reasons stated below, this Court affirms the order revoking the defendant's bond and denies the defendant's motion to amend conditions.

## II. Applicable Law

Congress created a presumption in favor of detention for a defendant who is awaiting sentencing. 18 U.S.C. § 3143(a)(1). The United States Code provides that a defendant who has been found guilty and awaiting a sentencing hearing shall be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of

any other person or the community if released." Id. The United States Code further states that if "a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Federal district courts review a magistrate judge's detention order de novo. United States v. Burris, 2007 WL 3232539, *1 (W.D.N.C. Oct. 31, 2007) (unpublished) (citing United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985)). In reviewing the detention order, this Court considers the presumption favoring detention even if the defendant presents evidence to rebut the presumption. Id. (citing United States v. Granger, 2006 WL 1303150, *1 n.1 (E.D. Va. May 5, 2006) (unpublished)).

### III. Discussion

After a de novo review, this Court concludes that it must affirm the magistrate judge's order to revoke bond. This Court reviewed the defendant's motion and the government's response to that motion, as well as the transcript of testimony at the hearing on June 4, 2010 and the magistrate judge's order.

In his motion, the defendant admits that he failed to comply with the condition that he not access the internet other than for work or for reasons related to his wife's treatment. The defendant now argues that he no longer needs the internet for work and that this Court should allow him to remain on pretrial release if his

3

family removes the computer from his home until after sentencing. The United States contends that it would be impossible to prevent the defendant from gaining access to a computer or handheld device with internet access capability.

This Court agrees with the government that the defendant has not rebutted the presumption of detention. The defendant violated the conditions of his release and this Court is unpersuaded that if the defendant continues on bond, he will not pose a risk to the community. Accordingly, Magistrate Judge Seibert's order revoking bond is affirmed and the defendant's motion to amend conditions of bond is denied.

## IV. Conclusion

For the reasons stated above, this Court AFFIRMS the magistrate judge's order revoking pretrial detention. Accordingly, the defendant's motion to amend his bond conditions is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant, to counsel of record herein, and to all appropriate agencies.

DATED: June 16, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE